**Kathleen CRAFT, Appellee,**

v.

**David HETHERLY, Executor of the Estate of William P. Oswald, Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1997.

Filed Sept. 9, 1997.

---

Sheilann P. Hewitt, Philadelphia, for appellant.

William B. Sanderson, Jr., Bryn Mawr, for appellee.

Before McEWEN, President Judge, and POPOVICH and OLSZEWSKI, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County which granted a new trial to appellee, Kathleen Craft. Herein, appellant, David Hether-ly, Executor of the Estate of William P. Oswald, deceased, contends the jury's determination that Mr. Oswald's negligence was not a substantial factor in bringing about Ms. Craft's injuries was not against the weight of the evidence. However, upon review, we find that the lower court did not abuse its discretion in granting a new trial in this case.

In *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985), our Supreme Court, in a detailed analysis, set forth the scope and standard of review to be employed when reviewing a trial court's decision to grant a new trial, as follows:

> This Court has repeatedly emphasized that it is not only a trial court's inherent fundamental and salutary power, but its duty to grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice. *Burchard v. Seber*, 417 Pa. 431, 438, 207 A.2d 896, 899 (1965); *Frisina v. Stanley*, 409 Pa. 5, 7, 185 A.2d 580, 581 (1962); *Kiser v. Schlosser*, 389 Pa. 131, 133, 132 A.2d 344, 345 (1957). Although a new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion, a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Burrell v. Philadelphia Electic Company*, 438 Pa. 286, 265 A.2d 516 (1970).
>
> \* \* \*
>
> ... [O]ur court has consistently held that appellate review of the trial court's grant of a new trial is to focus on whether the trial judge has palpably abused his discretion, as opposed to whether the appellate court can find support in the record for the jury's verdict. *Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123 (1969); *Anzelone v. Jesperson*, 436 Pa. 28, 258 A.2d 510 (1969); *Kiser, supra*. ...
>
> \* \* \*

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine

the record and assess the weight of the evidence; not, however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." *Exner v. Gangewere,* 397 Pa. 58, 60, 152 A.2d 458, 460 (1959). Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Thompson,* 493 A.2d at 672–73; *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634, 636 (1995); *Rozanc v. Urbany,* 444 Pa.Super. 645, ——, 664 A.2d 619, 621 (1995).

With the foregoing scope and standard of review in mind, our review of the record reveals that on June 20, 1992, at approximately 6:30 p.m., appellee was travelling north in her automobile along Pennsylvania Route 352, when a vehicle operated by William Oswald was stopped in the south-bound lane of Route 352. Mr. Oswald was making a left turn onto Forest Lane when he observed appellee's vehicle approaching from a distance of forty to fifty feet. Appellee was travelling approximately 35 miles per hour when she first saw Mr. Oswald drive into her lane of traffic from a distance of forty to fifty feet.

Mr. Oswald then stopped his vehicle in the middle of the on-coming lane. At the time of impact, Mr. Oswald's car was partially in appellee's lane of traffic, i.e., across the double yellow line which divided the north-bound and south-bound lanes. Appellee testified that she braked immediately after seeing Mr. Oswald's car, but she could not stop or "get around him." The left front of appellee's vehicle struck the left front of Mr. Oswald's car.

Appellee sustained injuries as a result of the accident. At trial, there was no dispute that appellee was injured as a result of the accident. The expert testimony of Dr. Barry Burkhardt, D.O., and Dr. Karl Rosenfeld, M.D., differed only to the extent, severity and duration of her injuries.

In response to interrogatories, the jury concluded that Mr. Oswald was negligent when he crossed the center-line of the road and placed his vehicle in the path of appellee's on-coming car. The jury also determined that Mr. Oswald's negligence was *not* "a substantial factor in bringing about harm to" appellee. In accordance with the instructions on the verdict slip, the jury thereafter ceased answering the interrogatories and did not answer the questions concerning whether appellee was contributorily negligent or whether her contributory negligence was a substantial factor in causing her injuries. Judgment in favor of Mr. Oswald was then entered.

Subsequently, appellee filed a post-verdict motion for a new trial, wherein she alleged the verdict was against the weight of the evidence. The lower court agreed and granted a new trial. The lower court reasoned that the weight of the evidence clearly demonstrated that Mr. Oswald's negligence was a substantial factor harming appellee. The court based this conclusion, in part, upon the medical evidence which unequivocally proved that appellee's injuries were a direct result of the accident. The court also noted that the jury's decision should not have been based upon appellee's contributory negligence since the jury never reached those questions on the verdict slip.

■ On appeal, appellant contends that the jury's verdict was not against the weight of the evidence. He submits that it was entirely reasonable for the jury to conclude that Mr. Oswald's negligence was not a substantial factor in bringing about appellee's harm. Rather, appellant suggests that the jury properly concluded that appellee's contributory negligence was the sole cause of her injuries. Appellant argues that the evidence at trial provided sufficient legal grounds for the jury to conclude any of the following:

(1) that the appellee should have reasonably expected that as she approached the intersection a vehicle may be turning in front of her, and that [appellee] should have been able to stop her vehicle or take other actions to avoid this accident (i.e. assured clear distance rule); (2) that the appellee's vehicle was travelling at too fast

a speed to avoid this accident; (3) that the appellee failed to slow her speed or take other evasive action after initially observing the appellant's position at a distance of 40–50 feet; (4) that the appellee failed to maintain a proper lookout; (5) that the appellant's vehicle was only slightly in the appellee's lane of travel and that the appellee was not confronted with a sudden emergency and had both time and space in the lane to avoid this accident.

Appellant's Brief, p. 20.

Thus, appellant submits that the lower court abused its discretion since it substituted its own assessment of the evidence for that of the jury. We must disagree with appellant.

Herein, the jury determined that Mr. Oswald was negligent when he turned his vehicle into the on-coming lane of traffic. Further, both parties agree that Mr. Oswald pulled his vehicle into Ms. Craft's lane and stopped when she was only forty to fifty feet away. Also, it is undisputed that appellee was travelling approximately 35 miles per hour when she first saw appellant pull in front of her, and there is no evidence to suggest that she was travelling in excess of the posted speed limit at the time. Finally, both parties' medical experts agreed that appellee was injured as a result of the accident, and they disagreed only to the severity and duration of her injuries.

Within that factual context, we find that the trial court did not abuse its discretion when it found that the jury's conclusion that Mr. Oswald's negligence was not a substantial factor in causing the accident shocked its sense of justice. Given her speed of 35 miles per hour and the distance between the vehicles when Mr. Oswald pulled into the on-coming lane of traffic, appellee had little more than one second to bring her vehicle to a stop or swerve to avoid the impact.[1] Clearly, a preponderance of the evidence indicates Mr. Oswald's negligence was a substantial factor in causing the accident and, conse-

quently, appellee's injuries. We find the lower court did not err in concluding that the verdict was against the weight of the evidence. *Cf., Rozanc, supra* (new trial warranted in automobile accident case where jury found that defendant was negligent, but that negligence was not a substantial factor in bringing about harm to plaintiff; uncontradicted medical testimony indicated plaintiff was injured as a result of the accident); *Neison, supra* (new trial warranted in automobile accident case where court found jury's award of no damages for plaintiff's pain and suffering "shocked its conscience"; evidence revealed extensive damage of plaintiff's vehicle due to collision, plaintiff was treated for variety of injuries and defense medical expert acknowledged plaintiff was injured as a result of the accident).

We conclude that the jury's determination that Mr. Oswald's negligence was not a substantial factor bears no rational relationship to the evidence adduced at trial. While we agree with appellant's contention that the verdict could have been a result of the jury's finding that appellee was contributorily negligent and that negligence exceeded 50% of the causal negligence, *see*, 42 Pa.C.S.A. § 7102 (Comparative negligence statute), such speculation does not alleviate the erroneous nature of the jury's conclusion that Mr. Oswald's negligence was *not* a substantial factor in bringing about appellee's harm, especially since the jury did not answer the interrogatories related to contributory negligence. By arguing that the verdict actually indicated that the jury found appellee to be contributorily negligent and that her fault exceeded 50%, appellant, in essence, concedes that the jury did not comprehend or properly apply the legal definition of "substantial factor" when it answered the question of whether Mr. Oswald's negligence was a substantial factor in causing the accident.[2] Clearly, the questions of whether appellee was contributorily negligent, whether her causal negligence was equal to or exceeded 50% and whether Mr. Oswald's negligence

---

1.  35 miles per hour is equivalent to 51 1/3 feet per second.

2.  Herein, the jury was properly instructed: "A substantial factor is an actual real factor al-

though the result may be unusual or unexpected, but it is not an imaginary or fanciful factor, or a factor having no connection or only an insignificant connection with the accident."

was a substantial factor in bringing about harm to appellee are separate and distinct.

Appellant cites *Hilbert v. Katz,* 309 Pa.Super. 466, 471, 455 A.2d 704, 707 (1983), in support of his argument that the lower court should not have granted a new trial in this case because "[u]ncertainty as to the underlying reason for the jury's verdict ... is not a valid reason for granting a new trial." In *Hilbert, supra,* the plaintiff and defendant were involved in a automobile accident similar to the one *sub judice.* At the time of the accident, the plaintiff was travelling west on a two-way street, and the defendant was attempting to turn eastward onto the street. Although both parties claimed to have stayed within their own lanes of traffic, the left front of the defendant's car hit the left rear of the plaintiff's car. Immediately after the accident, the plaintiff did not complain of any injuries. However, at trial, she introduced evidence to establish that the impact revived a prior neck and shoulder injury.

The *Hilbert* jury was presented with similar interrogatories to those considered by the jury herein. The jury found that the defendant was negligent, but that his negligence was not a substantial factor in bringing about the plaintiff's harm. The jury did not consider the question of contributory negligence. In granting a new trial, the lower court opined that the jury's failure to answer the contributory negligence question left it unclear whether the jury believed the plaintiff's own negligence was of such a quality to match or exceed the negligence of the defendant. We rejected the lower court's reasoning and held that uncertainty as to the underlying reason for the jury's verdict is not a valid reason for granting a new trial.

Nevertheless, in *Hilbert, supra,* we reviewed the record to determine whether a new trial was warranted on other grounds, i.e., whether the jury's finding that the defendant was negligent, but that his negligence was not a substantial cause of the plaintiff's harm was against the weight of the evidence. We determined that given the facts of the case, the verdict did not shock our sense of justice, especially since we "apply a stricter scrutiny in those cases where the court grants a new trial," and we reversed the order granting a new trial.

While *Hilbert, supra,* is similar to the case now before us, we choose not to apply its teaching herein for several reasons. First, *Hilbert, supra,* is a plurality opinion. Accordingly, we are not bound by the doctrine of *stare decisis* to follow its holding.

■ Second, the opinion states that we apply a stricter standard of review when we consider a grant of a new trial on the grounds that the verdict is against the weight of the evidence. This proposition is clearly erroneous as our supreme court in *Thompson,* 493 A.2d at 673, expressly stated, "In that regard the Superior Court must review a trial court's decision to *grant* a new trial in the same manner as we have required review of the *denial* of a new trial. *See Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984)."

Third, we find that the facts of *Hilbert, supra,* are distinguishable from the facts before us. Therein, it was not only disputed that the defendant crossed the center-line of the road, but it was also disputed that the plaintiff sustained injuries as a result of the accident. Thus, the jury could have concluded that the defendant's negligence was not a substantial factor in bringing about plaintiff's harm because she did not sustain injuries as a result of the accident. Accordingly, we found that the court should have deferred to the wisdom of the jurors.

However, in the present case, "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Thompson,* 493 A.2d at 674. Herein, Mr. Oswald's negligent act of pulling his car into the oncoming lane of traffic in front of a vehicle only forty to fifty feet away was "an actual real factor" in causing the accident. To conclude otherwise was a miscarriage of justice. Accordingly, we cannot fault the lower court's conclusion that Mr. Oswald's action of pulling his vehicle in front of appellee's oncoming car was a substantial factor in causing appellee's injuries and the jury's verdict otherwise was so contrary to the evidence that right must be given another opportunity

to prevail. Accordingly, we affirm the lower court's grant of a new trial.[3]

Order granting new trial affirmed.

McEWEN, President Judge, concurs in the result.

---

3. Appellee's Motion To Dismiss Appeal and/or Suppress Appellant's Statement of the Facts is    hereby denied.