**Edwards v. Coleman**

*Christine E. Munion,* for plaintiff.
*Walter E. Robinson,* for defendant.

GORDON, *J.,* July 20, 1999—This personal injury case came before this court as a result of a motor vehicle accident on September 27, 1992. The plaintiff, Shantha Edwards, filed a claim against the defendant, Adeline Coleman, on a theory of negligence.

A jury trial commenced, and on November 14, 1997 at the close of the trial, the jury found Coleman not negligent. The plaintiff filed timely post-trial motions seeking judgment notwithstanding the verdict or a new trial in the alternative. Shortly after post-trial motions were filed, but not ruled upon, the plaintiff filed a notice of appeal. The Superior Court quashed the appeal as interlocutory and relinquished jurisdiction to this court. On March 3, 1999 oral argument was heard, and this court denied post-trial relief. This appeal followed.

Factually, on September 27, 1992 at approximately 10 p.m., Edwards was driving northbound on City Avenue. As her Honda Civic was stopped at a red light, she was hit from behind by another vehicle driven by Coleman. Coleman was also driving northbound on City Avenue. Just prior to the impact, Coleman attempted to swerve, but her front left fender came into contact with the back

right bumper of Edwards' car. At the accident scene, Edwards got out of her car to examine her vehicle and exchange information with Coleman. Afterwards, each drove away in their respective cars. No police or emergency personnel were called to the scene. Repair of Edwards' car cost $575. The next morning Edwards contacted a lawyer and went to the hospital for treatment. At the hospital, she was given pain medication and instructed to contact her family physician.

Edwards' attorney advised her to contact a neurologist, who then scheduled her for physical therapy. The therapy lasted approximately two and one-half months before she was released by the therapist on January 5, 1993. She continued to see the neurologist until April 1993. Edwards went to see an orthopaeodic doctor for diagnostic tests in November 1995 and another orthopaedist in February 1996. During her treatment with the last orthopaedic physician she was diagnosed with a torn rotator cuff in her right shoulder.

Plaintiff has asked for judgment n.o.v. or, alternatively, a new trial on damages and avers the following:

(1) The defendant stipulated to causing the accident and presented no evidence at trial that the accident did not cause the plaintiff's injuries.

(2) Plaintiff presented uncontested expert testimony that the injuries were caused by the accident, yet the jury was allowed to ignore such evidence and find in favor of the defendant.

The plaintiff avers that based on the two factors above, the jury's verdict was against the evidence, contrary to the law, and shocked the conscience.

There are two basis for granting judgment n.o.v. The first is because the verdict is contrary to the law; the second is that the verdict is against the evidence or weight of the evidence. In both instances such a motion is granted in the clearest of cases only. *Moure v. Raeuchle,* 529 Pa.

394, 604 A.2d A.2d 1003 (1992). *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978). The evidence must be viewed in a light most favorable to the verdict winner and resolve all conflicts to her benefit. *Nestor v. PennDOT,* 658 A.2d 829 (Pa. Commw. 1995).

To determine that the verdict is contrary to the law, we must conclude that even with all factual inferences decided adverse to the plaintiff, the law nonetheless requires a verdict in her favor. To determine that the verdict is against the evidence, we must find that no two reasonable persons could fail to agree that the verdict was improper.

The basis for granting a new trial is that the jury's verdict is so contrary to the weight of the evidence that it shocks the conscience and results in a miscarriage of justice. See *e.g., McDole v. Bell Telephone,* 441 Pa. Super. 88, 656 A.2d 933 (1995); *Brindley v. Woodland Village Restaurant,* 438 Pa. Super. 385, 652 A.2d 865 (1995); *Craft v. Hetherly,* 700 A.2d 520 (Pa. Super. 1997). Determining whether a verdict shocks the conscience so that a new trial is warranted is always within the discretion of the trial judge and is reviewable only where there is an abuse of discretion. See *e.g., Myers v. Gold,* 277 Pa. Super. 66, 419 A.2d 663 (1980); *Macina v. McAdams,* 280 Pa. Super. 115, 421 A.2d 432 (1980); *Sacco v. City of Scranton,* 115 Pa. Commw. 512, 540 A.2d 1370 (1988).

As with judgment n.o.v., when considering a motion for new trial, the verdict winner must be given the benefit of the evidence which is most favorable to her, together with all reasonable inferences therefrom. *Ferruzza v. Pittsburgh,* 394 Pa. 70, 145 A.2d 706 (1958); *Bream v. Berger,* 388 Pa. 433, 130 A.2d 708 (1957); *Farmers' Northern Market Co. v. Gallagher,* 392 Pa. 221, 139 A.2d

908 (1958). In the case at hand, the jury found for the defendant, and so the record must be reviewed "under a lamp which resolves all doubts, contradictions and ambiguities in favor of the [defendant] and obliterates all inferences adverse to [her]." *Kurtz v. Philadelphia Transportation Company,* 394 Pa. 324, 325-26, 147 A.2d 347, 348 (1959).

This court answers the issue of the defendant's stipulation by stating generally that the defendant is not required to put forth an affirmative defense, and simply stipulating that she hit the plaintiff's car from behind does not result in judgment as a matter of law. The stipulation was not an admission that the alleged injuries were caused by the accident. In tort, the plaintiff must prove not only that an accident occurred, but also the plaintiff was harmed and the accident was the cause of that harm. *Lieberman v. Abat's Auto Tag Service Inc.,* 344 Pa. Super. 350, 496 A.2d 831 (1985).

The plaintiff asserts that despite having access to an expert medical witness who examined the plaintiff, the defendant presented no evidence that her injuries were *not* caused by the accident. Again, however, the plaintiff has the burden to prove, by a preponderance of the evidence, both causation and damages, and the jury was instructed as to this burden as follows:

"The plaintiff, in order to prevail, must prove each and every element of her case by a preponderance of the evidence. The evidence establishes a contention by a fair preponderance if you are persuaded that it is more probably accurate and true than not." (N.T. 11/14/97 p. 98.)

The defendant can choose to present no witnesses at all if she feels the plaintiff's case is inadequate to meet the burden. Regarding the absence of defendant's expert, this court instructed the jury thusly:

"In presenting her case, the defendant did not call as a witness Dr. Askins, the doctor who examined the plaintiff on the defendant's behalf. The general rule as it applies in the case of the failure to call a witness is as follows: Where a potential witness is available and is shown to have special information relevant to the case so that the testimony would not be cumulative and where his relationship to one of the parties is such that the witness would ordinarily be expected to favor that party, then if such party does not produce the testimony and there is no satisfactory explanation for his failure to do so, you may draw an inference that such testimony would have been unfavorable." (N.T. 11/14/97 pp. 95-96.)

The jury is not instructed that they *must* determine that the defendant's expert would have been unfavorable, but that they *may*, if they first find there was no satisfactory explanation for his failure to testify. It was reasonable for a jury to find the defendant's explanation credible that the need for an expert was unnecessary given the weakness of the plaintiff's case in proving her burden.

As to the plaintiff's second averment that the jury cannot dismiss the undisputed testimony of an expert medical witness, she cites as support *Craft v. Hetherly*, 700 A.2d 520 (Pa. Super. 1997); *Rozanc v. Urbany*, 444 Pa. Super. 645, 664 A.2d 619 (1995); and *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995). Each of these cases, however, are quite distinguishable from the present case regarding the appellate courts' holding on expert testimony.

In *Craft*, the jury found that the defendant was negligent in causing the motor vehicle accident, but found that negligence was not a substantial factor in the plaintiff's harm. The similarity with the case sub judice,

however, ends there. The *Craft* case was not a dispute over whether injuries existed nor whether they were a direct result of the accident caused by the defendant. Both plaintiff and defendant in that case put on expert medical witnesses. Each expert testified that the plaintiff was injured as a result of the accident. The experts differed only with regard to the severity and duration of the injury. By placing his own expert on the stand to state that the injuries were a result of the accident, the defendant was, in effect, agreeing with the plaintiff as to causation of the plaintiff's injuries. Based on the acknowledgment of causation of harm by both parties, the testimony regarding that issue was undisputed. Under such circumstances, therefore, it was against the evidence that the jury found that the defendant's negligence was not a substantial factor in harm to the plaintiff, and the trial court did not abuse its discretion in ordering a new trial.

In the present case, there was no agreement between the parties (via expert witnesses) that the plaintiff's harm was a result of the accident. Only the plaintiff's witness opined such. Although the defendant did not present an expert to refute the claim, a vigorous cross-examination revealed the defendant's disagreement with causation. (N.T. 11/13/97 pp. 41-46.) It was therefore up to the jury to weigh the expert's opinion in accordance with the instructions given. The jury was instructed:

"In deciding whether or not to accept [the expert's] opinion, you should consider the evidence as to his training, education or experience, as well as the reasons and facts on which his opinions were based. Also, in deciding whether or not to accept his opinions, you should bear in mind that you are not bound to accept them merely because it is the testimony of someone having special

skill or knowledge. In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, come from his personal knowledge or from some proper source or from some other combination of these." (N.T. 11/14/97 p. 95.)

Likewise in *Rozanc, supra,* although the facts surrounding the accident are very similar, here too, the defense placed expert medical testimony into evidence that confirmed the plaintiff's injuries were the result of the accident in question. The Superior Court ruled "this defense testimony coupled with appellant's own testimony about her injuries and that of her treating physician who described injuries to her neck and shoulder, made it uncontradicted that the appellant suffered some injuries as a result of the accident." *Id.* at 648-49, 664 A.2d at 620.

We must be mindful of the difference between a case where both the plaintiff and defense experts testify to the existence of an injury and a case where the defendant chooses not to call an expert witness, as in the case at bar. The latter is not an acquiescence of the plaintiff's harm.

Also, in *Neison, supra,* the Pennsylvania Supreme Court discussed the issue of uncontested evidence, but under a factual situation where the defendant's expert confirmed that the plaintiff's injuries were the result of the accident. The disagreement between the plaintiff and defendant in Neison as well as in the previous two cases cited was only to the extent and severity of the injuries; not a dispute over whether an injury existed at all.

As to Edwards' final argument that the jury's verdict was so contrary to the evidence as to be shocking, again the standard of review requires that no two reasonable minds could fail to agree, and that the verdict results in a

miscarriage of justice. See *e.g., Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985). Under such a standard, a new trial will be ordered in the *clearest of cases only.* This court will not substitute its findings of fact for that of the jury's where there exists a reasonable explanation for the finding. The jury was told by this court that the defendant admitted being negligent in causing the accident. It was then instructed on the legal issue of proximate cause:

"Now, what do we mean by legal cause? Proximate or legal causation is defined as that which in a natural and continuous sequence, unbroken by any sufficient intervening cause produces injury and without which the result would not have occurred. In order for the plaintiff to recover, the defendant's liability-creating conduct must have been a substantial factor in bringing about the alleged wrong or harm. That is what the law calls legal cause. A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imagined or fanciful factor or a factor having no connection or only an insignificant connection with the complained acts." (N.T. 11/14/97 pp. 99-100.)

The Pennsylvania Superior Court noted in *James v. Nolan,* 418 Pa. Super. 425, 433, 614 A.2d 709, 713 (1992), "[i]t is well established law in Pennsylvania that there is a presumption of consistency with respect to a jury's finding which can only be defeated when there is no reasonable theory to support the jury's verdict."

The question is whether there is a reasonable theory to support the verdict. Under the facts of this case, it is as reasonable for a jury to find that the defendant's negligence was not a substantial factor in the plaintiff's injury as it would be for another jury to find otherwise.

There are many possibilities why this jury did *not* find proximate cause. The jury could have believed the injury to have been sustained sometime over the four-year period between the accident and the diagnosis by the expert witness. Or the jury could have found that there was no injury at all, choosing instead not to accept the testimony of the plaintiff's expert as they have every right to do. There was certainly enough evidence presented from which a jury could doubt the plaintiff's assertions of harm, and give credibility to the defendant's claim that this was merely a fender bender, including: that the car did not move upon impact; that the damage to the vehicle was limited to $575; that both cars remained fully operational after the accident; that both parties were able to drive away from the accident and did so almost immediately after exchanging insurance information; that no medical or police personnel were called to the scene; and that none of the treating doctors in the four years prior to the plaintiff's consultation with her expert witness diagnosed a torn rotator cuff.

The plaintiff avers in her brief a litany of things that the defense did not do to prove that the defendant's actions were not a substantial factor in the plaintiff's harm. Again, however, it is the plaintiff's burden. If the jury finds her evidence and witnesses incredible, then she has not met that burden.

The dispute in this case was whether this accident caused the injuries to the plaintiff for which she sought redress. The jury heard the evidence and after weighing it, determined that this question should be answered in favor of the defendant.

Whatever the specific reason for the jury's verdict, it is this court's opinion that it does not shock the conscience, is not contrary to the law, and is not against the weight of the evidence as presented.

For the foregoing reasons, the plaintiff's motion for post-trial relief was denied.