## Pisciuneri v. Esposito

C.P. of Lawrence County, no. 10649 of 1997 C.A.

*Joseph P. Valentino,* for plaintiff.

*Charles W. Garbett,* for defendant.

MOTTO, *J.,* December 17, 2001—This matter is before the court on post-verdict motions filed by each of the parties.

This case arises out of an automobile accident that occurred on April 14, 1997. On that date, the plaintiff was operating an automobile in a northerly direction on State Route 18 in Lawrence County, Pennsylvania, while at the same time the defendant was operating her vehicle in a southerly direction on such highway in the center lane intending to make a left turn off of State Route 18 onto Hazelcroft Avenue. The trial evidence proved that the defendant operated her vehicle into the path of the plaintiff's lane of travel and that a collision ensued.

At trial, four medical experts testified, three of which were called to testify by the plaintiff and one of which was called to testify by the defendant. The defendant's expert had conducted an independent medical evaluation of the plaintiff. All four medical experts testified that the plaintiff had suffered physical injury as the result of the automobile accident of April 14, 1997, although there was a great disparity in the extent of physical injury between the plaintiff's medical experts and the defendant's medical expert.

The jury returned a verdict in favor of the defendant and against the plaintiff finding that the defendant was negligent, but also finding that the negligence of the defendant was not a substantial factor in bringing about the plaintiff's harm.

The plaintiff requests that the court award the plaintiff a new trial because the verdict is against the weight of

the evidence. The court agrees that the verdict in this case is against the weight of the evidence and accordingly will award the plaintiff a new trial. At trial, there was no dispute between the parties that the plaintiff sustained injuries as the result of the accident. The dispute at trial was only as to the severity of the injuries suffered by the plaintiff. Although the plaintiff's medical experts testified as to an injury that had not resolved itself as of date of trial and would continue into the future, the defendant's medical expert testified that the plaintiff suffered an injury from the automobile accident that should have resolved itself within six weeks.

The Pennsylvania Supreme Court in *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985), has held that it is a trial court's inherent fundamental and salutary power and duty to grant a new trial when it believes the verdict is against the weight of the evidence and resulted in a miscarriage of justice. See also, *Burchard v. Seber,* 417 Pa. 431, 438, 207 A.2d 896, 899 (1965). Although a new trial should not be granted because of a mere conflict in testimony or because a trial judge on the same facts would have arrived at a different conclusion, a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 265 A.2d 516 (1970). The grant of a new trial on the basis that the verdict is against the weight of the evidence is a discretionary decision by the trial judge, whose decision will not be reversed on appeal unless the court has exceeded the limits of judicial discretion and

has invaded the exclusive domain of the jury. *Exner v. Gangewere,* 397 Pa. 58, 60, 152 A.2d 458, 460 (1959).

Here, there was no dispute at trial that the plaintiff was injured as the result of the accident. The expert testimony of the plaintiff's medical experts versus the medical expert of the defendant differed only to the extent, severity and duration of her injuries.

The facts in this case are virtually identical to the facts in *Craft v. Hetherly,* 700 A.2d 520 (Pa. Super. 1997). In *Craft,* the plaintiff was injured as the result of an automobile accident with the defendant decedent. At the trial, the jury concluded that the defendant decedent was negligent in operating his vehicle, but that the decedent's negligence was not a substantial factor in bringing about harm to the plaintiff. The plaintiff filed a motion for a new trial which was granted by the trial court. The decision of the trial court was appealed to the Superior Court which affirmed the order of the trial court and dismissed the appeal holding that the trial court did not abuse its discretion when it found that the jury determination that the defendant's negligence was not a substantial factor in bringing about harm to the plaintiff, was against the weight of the evidence, and shocked the trial court's sense of justice.

In *Craft,* the facts of the accident were that the plaintiff was traveling north on the public highway when a vehicle operated by the defendant decedent was stopping in the southbound lane. The defendant decedent drove into the plaintiff's lane of traffic and a collision occurred with the vehicle of the defendant decedent stopped in the middle of the oncoming lane of the plaintiff and

the vehicle of the defendant decedent being partially in the plaintiff's lane of traffic and across the double yellow line which divided the north-bound and south-bound lanes.

In *Craft,* as in the case at bar, the plaintiff sustained injuries as the result of the accident. In *Craft,* as here, at trial there was no dispute that the plaintiff was injured as a result of the accident. In *Craft,* as here, the expert testimony of the medical experts of the plaintiff and the defendant differed only to the extent, severity and duration of the plaintiff's injuries.

In *Craft,* as here, in response to interrogatories contained in the verdict, the jury concluded that the defendant decedent was negligent, but also determined that the negligence of the defendant decedent was not a substantial factor in bringing about harm to the plaintiff.

In *Craft,* the lower court reasoned that the weight of the evidence clearly demonstrated that the negligence of the defendant decedent was a substantial factor harming the plaintiff. The conclusion of the court in *Craft,* was based, in part, upon the medical evidence which unequivocally proved that plaintiff's injuries were a direct result of the accident.

The court here cannot differentiate this case from decision of the Superior Court in *Craft.* Although the defendant did not concede liability, there was no evidence presented of any negligence on the part of the plaintiff in causing the accident, while there was ample evidence of the negligence of the defendant causing the accident. The evidence in this case revealed a substantial collision between the vehicles of the plaintiff and the defendant on a

main thoroughfare and the defendant's expert conceded injury to the plaintiff as the result of the accident. A host of appellate cases have held that a new trial was warranted in an automobile accident case where the defendant's expert admitted that the plaintiff suffered an injury from the accident. See *Rozanc v. Urbany,* 444 Pa. Super. 645, 664 A.2d 619 (1995); *Lewis v. Evans,* 456 Pa. Super. 285, 690 A.2d 291 (1997); *Mano v. Madden,* 738 A.2d 493 (Pa. Super. 1999); *Kruczkowska v. Winter,* 764 A.2d 627 (Pa. Super. 2000).

More recently, the Pennsylvania Supreme Court in *Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001), has clarified the standard to be applied where a new trial is sought because of the failure of a jury to award damages for pain and suffering, where defendant's liability is undisputed or affirmed by the jury.

In *Davis,* the jury awarded the plaintiff an amount for medical expenses, but awarded no damages for pain and suffering.

The trial court refused to grant the plaintiff a new trial. The Superior Court reversed the trial court, relying exclusively on *Dougherty v. McLaughlin,* 432 Pa. Super. 129, 637 A.2d 1017 (1994), determining that the damage award was inconsistent with the evidence presented. In *Dougherty,* the jury had awarded the plaintiff damages for medical costs, which failed to compensate him for pain and suffering. *Dougherty* presented uncontradicted medical evidence that his two days hospitalization included treatment for injuries to the face, neck, and head resulting in permanent scarring and nerve damage, a fractured rib, whiplash, a concussion and torn shoul-

der ligaments. In addition, after the accident, the plaintiff underwent surgery and scar revisions in an attempt to make the scars less obvious. The *Dougherty* court found the award of damages was inconsistent because the jury awarded damages for the medical expenses, but did not award damages for pain and suffering.

The Superior Court in *Davis,* relying exclusively on *Dougherty,* concluded that a jury award is inconsistent if it compensates for medical expenses stemming from claimed injuries, but does not compensate for pain from those injuries. In reversing the Superior Court, the Supreme Court in *Davis* found that the Superior Court foreclosed juries from making essential determinations that are within their purview. Those determinations include whether the defendant caused injuries *and* whether the plaintiff suffered from compensable pain, further finding that the existence of compensable pain is an issue of credibility and jurors must believe that plaintiffs suffered pain before they compensate for pain. The Supreme Court specifically rejected the Superior Court's application of a per se rule precluding a jury from awarding medical expenses without damages for pain and suffering.

The Supreme Court opinion in *Davis* attempted to reconcile two lines of cases. The first line of cases consisted of trial court decisions granting new trials where juries awarded medical expenses, but declined to award damages for pain and suffering. See *e.g., Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952) and *Yacabonis v. Gilvickas,* 376 Pa. 247, 101 A.2d 690 (1954). In the second line of cases, the Supreme Court upheld jury verdicts awarding medical expenses without corresponding

awards for pain and suffering. See *e.g., Catalano v. Bujak,* 537 Pa. 155, 642 A.2d 448 (1994).

In distinguishing between the two lines of cases, the court noted that in the first line of cases, the plaintiffs' injuries were too severe for the trial courts to have had a reasonable basis to believe the juries' awards of medical expenses, without compensation for pain and suffering was based on a determination properly within the province of the juries. Essentially, the reasoning of the court was that if the jury found that a plaintiff suffered a severe injury, it necessarily follows that the plaintiff suffered pain, as a jury may not eliminate pain from wounds when all human experience proves the existence of pain. However, in the second line of cases, the facts of those cases was such that it was not inconsistent for a jury to conclude that although the plaintiff was entitled to an award of medical expenses, it did not necessarily follow that the plaintiff suffered pain. The court focused in the second line of cases on the power of the jury as the ultimate finder of fact and the need for the judiciary to guard against usurping the role of the jury. A jury is not required to believe all that they are told and all that their common experience does not accept. Although the jury may not disregard an obvious injury, the jury is at liberty to decline to believe that every injury causes pain or the pain alleged.

In reconciling the two separate lines of cases, the specific holding of the Pennsylvania Supreme Court in *Davis* was as follows:

"Today, we hold that a jury's award of medical expenses without compensation for pain and suffering

should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering; or (2) that a pre-existing condition or injury was the sole cause of the alleged pain and suffering." *Id.* at 391, 773 A.2d at 767.

In *Davis,* in affirming the award of zero damages for pain and suffering, the court noted that Davis' testimony about his pain and suffering was undermined by cross-examination and that Davis' doctor admitted that he could not say for certain if the injury was related to the accident or caused by some other event. Thus the Supreme Court found that the trial judge properly found that from the evidence presented, the jury could have believed that the plaintiff's pain was not from the accident or that the plaintiff suffered no pain. Thus, the trial court acted properly in exercising its discretion by denying Davis' motion for a new trial because there was a reasonable basis for the jury to believe: (1) that Davis did not suffer pain and/or (2) that his latest injury was not caused by the negligence of the defendant.

Here, in following the holding of *Davis,* the question before the court is whether there exists a reasonable basis to believe that the jury in the case at bar did not believe that the plaintiff suffered any of the damages submitted to the jury for consideration. If the finding of pain and suffering and other damages, or lack thereof, was simply a determination to be made by the jury as to the credibility of the plaintiff, then a new trial should not be awarded. However, in this case, because of the opinion of the defendant's medical expert, the question of the plaintiff's damages were not solely an issue of the plaintiff's credibility.

At page 44 of the deposition of defendant's medical expert, Dr. Nattrour, was specifically asked the following:

"Q. Was Doreen Pisciuneri injured in this automobile accident?

"A. She was, in my opinion.

"Q. She was injured?

"A. Correct."

Further on in the deposition, at page 46, the following exchange occurred:

"Q. Injuries of this magnitude would be expected to resolve with or without treatment over a period of four to six weeks?

"A. A mild, at most, moderate soft tissue injury which [sic] predictably resolve 90 percent of the time over a period of four to six weeks."

And further, at page 47, the following testimony from the doctor appears:

"A. Correct. Totally correct. Sir, my opinion, there is no treatment required. And that if she had merely existed, or lived, for four to six weeks, she would have been totally better at 90 percent of the time. And that's supported by my experience. That's supported by the world's literature that I am familiar with."

In the following question, continuing on at pages 47 and 48 of Dr. Nattrour's deposition, the doctor confirmed that the other 10 percent of the people who suffered injuries of a nature suffered by the plaintiff are those people who have persistent pain and suffering beyond the 90

percent whose symptoms resolve within four to six weeks. Clearly, Dr. Nattrour is expressing his opinion with certainty that the plaintiff had at least a mild soft tissue injury, and it follows that a mild soft tissue injury to the neck region necessarily carries with it compensable damages.

Moreover, the doctor made it clear in his deposition that he did not enter into a judgmental setting as to whether he believed or did not believe the plaintiff, as at page 44 of the deposition, line 19, the doctor stated the following in response to a question as to whether or not he believed the plaintiff:

"(A) I think that we had decided it was 35 to probably 45, and I did not enter into a judgmental setting whether I believed or didn't believe. I noted carefully, I think, documented her complaints, and unfortunately failed to corroborate or substantiate those by my physical examination, which is unusual."

In view of the admitted injury to the plaintiff, there is no reasonable basis for a conclusion that the plaintiff suffered no pain or suffering, or other damages whatsoever. In order to have come to such a conclusion, the jury, in addition to totally disbelieving the plaintiff, would have had to totally disregard the medical opinion of the independent medical evaluation performed by the defendant's physician and all the evidence as to the nature and circumstances of the accident, as well as all of the corroborating evidence given by other witnesses called by the plaintiff which corroborated the plaintiff's complaints of pain. It is held that it is the duty of the trial court to set aside a verdict for inadequacy where it clearly

appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to loss suffered by the plaintiff. *Kiser v. Schulte,* 538 Pa. 219, 225, 648 A.2d 1, 4 (1994), deciding *Elza v. Chovan,* 396 Pa. 112, 152 A.2d 238 (1959). Here, a verdict of zero damages, after a finding of liability, bears no reasonable relation to the loss which the defendant admits that plaintiff suffered and where the verdict cannot be reasoned or explained in connection with the evidence in the case, other than to say that the jury disregarded or rejected all of the evidence.

The defendant has argued that the plaintiff has waived her right to seek a new trial by failing to object prior to the dismissal of the jury, relying on *Picca v. Kriner,* 435 Pa. Super. 297, 645 A.2d 868 (1994). The court finds that the defendant's reliance upon *Picca* is misplaced as the objection of the plaintiff in *Picca* was to the wording of the second interrogatory as plaintiff sought to argue that the wording of that interrogatory was overly broad and should have been reworded in such a manner as to focus on the injuries actually caused by the defendant. Here, the dispute is as to the weight of the evidence and not to whether or not the interrogatory was properly worded. This exact distinction was made by the Superior Court in *Rozanc v. Urbany, supra,* where the Superior Court held that waiver is not a bar to an award of a new trial in that case because the objection was not to the wording of the interrogatory, but rather questioning simply whether the jury's verdict was so contrary to the evidence as to shock the conscience of the court.

Although the defendant was the verdict winner in this case, the defendant also filed motions for post-trial re-

lief contending that the plaintiff's evidence was insufficient for the jury to consider the plaintiff's claim for future loss of earning capacity and requests judgment n.o.v. in favor of the defendant holding that the issue of earning capacity was not properly placed before the jurors. Plaintiff also complains by way of post-trial motion that the court erred in not granting a directed verdict in the issue of liability. Since the court is awarding a new trial, the court finds that it would not be proper to decide the issues of whether or not specific claims were properly submitted to the jury because the decision as to whether or not a claim of future loss of earning capacity or liability should be submitted to the jury must be made by the trial judge presiding over the new trial, and based upon the evidence submitted on such issues at the new trial. Since it would serve no purpose to address such issues, the court finds that it would be improper to do so. Accordingly, the court will enter an order of even date herewith which will grant the plaintiff's post-verdict motion and award the plaintiff a new trial.

## ORDER

And now, December 17, 2001, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the plaintiff's post-verdict motion is granted and the plaintiff is awarded a new trial on the plaintiff's complaint in civil action. The defendant's post-verdict motions are denied.

This case shall be placed on the trial list for the trial term commencing January 14, 2002, and if not reached for the trial term for the month of January, shall remain on the trial list for each following month until tried.