656 A.2d 136

**Edwin HOLLIDAY, Appellant**

v.

**Helen PAGE, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1994.

Filed March 23, 1995.

Edwin Holliday, pro se.

Robert G. DelGreco, Pittsburgh, for appellee.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

DEL SOLE, Judge.

Edwin Holliday appeals from the judgment entered following an order denying a motion for post-trial relief requesting a new trial. We affirm.

This civil action was filed as a result of the injuries sustained by Appellant following an automobile accident. The Appellee did not deny liability. The case was submitted to the jury only on the issue of damages. The verdict was for Appellant in the amount of $1,000. Various claims were raised by Appellant in his motions for post-trial relief all of which were denied.[1] Subsequently, this *pro se* appeal was filed by Appellant.

"We may not reverse an order denying a motion for a new trial unless the trial court clearly and palpably abused its discretion or committed an error of law that controlled the outcome of the case." *Sundlun v. Shoemaker*, 421 Pa.Super. 353, 358, 617 A.2d 1330, 1333 (1992).

Appellant questions the validity of the verdict due to statements made by juror No. 8 during the polling of the jury.

---

1. Having reviewed the arguments raised by the parties, the record and the relevant law, we have determined that the Opinion by the Honorable Alan S. Penkower dated March 7, 1994 appropriately resolved those claims. We find it necessary to address only one issue.

Juror No. 6 was excused and the remaining eleven jurors decided the case.[2] When the jury was first polled, all of the jurors agreed with the verdict with the exception of jurors Nos. 12 and 8. Since they did not have the requisite ten votes, the trial court polled the jury again. During the second polling, all of the jurors with the exception of juror No. 12 agreed with the verdict. When the court inquired whether juror No. 8 agreed with the verdict, he responded:

JUROR NO. 8: I said no upstairs. We had a disagreement and then when we took the vote, I did say yes.

THE COURT: So that was your vote?

JUROR NO. 8: That was my vote upstairs. It was something else that was brought up.

. . . . . .

THE COURT: I just want to make sure I'm clear on this. During the last polling of the jury I heard ten yes votes and one no vote.

When I instructed the jury that when ten of you have agreed upon a verdict, you have arrived at a verdict, when you voted on this verdict, when ten votes agreed to this verdict. Those ten individuals that said yes today this afternoon right now?

THE JURORS: Yes.

THE COURT: Particularly I want to make sure because Juror No. 8, you were the one that created—

JUROR NO. 8: Something upstairs, we talked about something else and I had said no, and I said now I was supposed to say yes.

THE COURT: This is your verdict?

JUROR NO: 8: Yes.

2. Under 42 Pa.C.S.A. § 5104(b), in a civil case, a verdict rendered by at least five-sixths of the jury shall be the verdict of the jury and shall have the same effect as a unanimous verdict of the jury.

THE COURT: The clerk will be instructed to record the verdict.

Trial Transcript 10–1–92 at 5–6.

Appellee asserts that Appellant failed to object at the time of trial, consequently, any issue pertaining to an improper jury verdict has not been properly preserved for appellate review. The issue of a problematic jury verdict was raised in our *(en banc)* case *Curran v. Greate Bay Hotel and Casino,* 434 Pa.Super. 368, 643 A.2d 687, *alloc. denied,* 539 Pa. 678, 652 A.2d 1323 (1994). In that personal injury case, the jury answered special interrogatories regarding negligence and damages. The jury found that the Sands Hotel was negligent but their negligence was not a substantial factor in causing harm to the plaintiffs. Eastern Elevator Company's negligence, however, was found by the jury to be a substantial factor in causing the plaintiff's harm. The jury awarded the plaintiff damages in the amount of $301,000. The jury imputed 30% of the damages to Sands and 70% to Eastern. The trial court molded the verdict and judgment was entered only against Eastern for $210,000 or 70% of the $301,000 verdict. Eastern argued on appeal that a new trial should be granted because the jury verdict was inconsistent. The plaintiff and Sands argued that the claim was waived by Eastern when it failed to object to the inconsistent verdict before the jury was discharged. Relying on our Supreme Court's decision in *City of Philadelphia v. Gray and Williams v. SEPTA,* 534 Pa. 467, 633 A.2d 1090 (1993), we held that:

[T]he party seeking a new trial failed to request a correction of the verdict before the jury was discharged. Despite the obvious problem with the jury verdict, Eastern did not seek to have the inconsistencies resolved until it filed post trial motions. Thus, we do not have the option of seeking clarification of the jury's verdict and must enter judgment according to the verdict announced by the jury. It is this failure to act before the jury was discharged that constitutes

waiver. *Williams, supra.* The purpose of requiring action is to enable the jury to correct an obvious mistake.

*Curran,* 434 Pa.Super. at 376, 643 A.2d at 690–91.

We note that in *McDermott v. Biddle,* 436 Pa.Super. 94, 647 A.2d 514 (1994), *Curran, supra* was cited and distinguished on the facts. It was pointed out that *Curran* was not clearly precedential on the issue of waiver because four judges found that the issue was waived, four judges did not find waiver and the fifth vote in the majority only concurred in the result. However, more recently, a panel of this court in *Picca v. Kriner,* 435 Pa.Super. 297, 645 A.2d 868 (1994), cited the waiver rule set forth in *Curran* as controlling.

Based on *Picca* and our analysis in *Curran,* we hold that failure to object to an ambiguous or flawed jury verdict prior to the dismissal of the jury will result in the waiver of that claim on appeal. Thus, since Appellant did not object to the response given by juror No. 8 before the jury was discharged, a challenge to the validity of the verdict on that basis will not be entertained by this court.

Judgment affirmed.