664 A.2d 619

**Kimberly Y. ROZANC and Richard A. Rozanc, her husband, Appellants,**

v.

**Marguerite Lynn URBANY, Appellee.**

Superior Court of Pennsylvania.

Argued May 25, 1995.

Filed Sept. 6, 1995.

Richard C. Levine, Pittsburgh, for appellants.

Mark Neff, Washington, for appellee.

Before: WIEAND, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment entered in favor of defendants in an action brought as a result of an automobile collision. Among the claims raised by Appellants is that the jury verdict in this matter was against the weight of the evidence since the evidence was uncontradicted that Kimberly Rozanc suffered some injury in the accident. In reviewing this claim following the filing of post-trial motions the trial court concluded that "plaintiff's contention would be correct," but the court nevertheless refused to award her relief because it found that the issue had been waived. Because we find that the trial court erred in its determination of waiver and there is support for the court's underlying conclusion regarding the merits of the issue, we reverse and remand this matter for a new trial.[1]

The trial court recounted the following relevant facts:

This civil action arises out of a motor vehicle accident which occurred on August 30, 1990, at the West Chestnut Street exit ramp of I-70 in Washington, Pennsylvania. While she was stopped at the end of the exit ramp in order to merge with the traffic on West Chestnut Street, the wife-plaintiff's vehicle was struck from behind by a vehicle being operated by the defendant, Marguerite Lynn Urbany (Urbany). The plaintiff, Kimberly Y. Rozanc (Rozanc), has alleged various injuries as a result of this accident, including cervical sprain or strain and injury to the long thoracic nerve on the right side. That evening Rozanc was treated at St. Clair Memorial Hospital. Later she sought treatment with Dr. Scott Baron, an orthopedic surgeon, who prescribed six weeks of physical therapy for neck and shoulder injuries. Still later, Dr. William Frost treated her for injury to the long thoracic nerve and a shoulder impingement syndrome.

---

1. The remaining issues raised by Appellants, which address particular evidentiary rulings made by the court during trial and a claim regarding a certain juror, will not be discussed in view of our decision to remand this matter for a new trial.

During the trial in March 1994, the defendant admitted that at the time of the accident she was looking over her left shoulder as she was driving down the ramp. She also stated that she did not notice the plaintiff's vehicle had stopped at the end of the ramp. About a second before the collision, the defendant, going approximately 15 miles per hour, saw the plaintiff's vehicle, too late to avert the collision. Although the jury found the defendant had been negligent, they also found that the negligence was not a substantial factor in bringing about the harm to the plaintiff.

In concluding that Appellants would be "correct" in their assertion that a new trial should be granted because this verdict was against the weight of the evidence the court focused on the trial testimony, in particular that of defense witness Dr. Wachs. This expert medical witness testified during cross-examination as follows:

Q. The x-rays showed some straightening of the cervical spine is due to spasms of the muscle. Is that what you indicated in your report?

A. Correct.

Q. So you were actually able to see on the x-ray that the bones in her neck were straighter than normal?

A. Well, what happens, is when the muscles of the neck tighten up or develop spasm, it tends to cause a straightening of the patient who has had an acute soft-tissue injury affecting the muscles and ligaments of the neck. The bones themselves were fine. Instead of having a normal curve, the spine was straight.

Q. So we can agree, Dr. Wachs, that Kim Rozanc did have some type of injury in the accident of August 30, 1990?

A. Yes, I don't have any doubt that she had an injury. And based upon what her symptoms were, it sounded like a strain of the muscles and ligaments of her neck.

(Trial Deposition of Dr. Wachs at 23, 23.

Dr. Wachs admitted that the patient "had some neck pain which undoubtedly was due to the strain of the muscles and ligaments." This defense testimony coupled with Appellant's

own testimony about her injuries and that of her treating physician who described injuries to her neck and shoulder, made it uncontradicted that the Appellant suffered some injuries as a result of the accident. The jury in this case ignored this evidence of injury and undoubted pain which must have accompanied them.

Recently in *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995) the court was presented with somewhat similar circumstances. The defense expert in that case testified that the plaintiff "exhibited a diagnosis of a healed neck sprain and a healed scapular or shoulder blade sprain." *Id.* at 522, 653 A.2d at 637. The court found that the medical testimony "of both parties established that [plaintiff] suffered from objective injuries, the defense expert only disagreeing as to their extent." *Id.* at 524, 653 A.2d at 638. The court agreed with the trial court that these injuries were of the "type that naturally and normally cause pain and suffering and, accordingly, the jury was not free to disregard them." *Id.* The court ruled that a new trial was properly awarded in that case.

In this case it was undoubtedly clear that Appellees negligence caused Plaintiff injuries. It is also obvious that the type of injury suffered would cause Plaintiff to suffer some pain. The defense expert conceded as much in his testimony.

When considering a trial court's order regarding the award of a new trial on appeal our review is limited to determining whether the trial court abused its discretion committed an error of law. *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985). The court's initial finding that Appellant's request for a new trial should be granted based upon the evidence offered at trial, can not be found to be an abuse of discretion.

The trial court ultimately did not award a new trial in this matter based upon a waiver analysis. It is with this legal conclusion of waiver with which we find fault.

The trial court ruled that Appellants waived their request for a new trial by not objecting to the verdict which answered special interrogatories. The court found that under the deci-

sion of *Picca v. Kriner,* 435 Pa.Super. 297, 645 A.2d 868 (1994) this inaction barred subsequent review of a request for a new trial. In *Picca* the jury found the defendant to be negligent, but in response to a special interrogatory which asked, "Was the defendant's negligence a substantial factor in bringing about the plaintiff's harm?," the jury answered, "No." *Id.* at 301, 645 A.2d at 870. In considering a claim for a new trial the court found that the interrogatory was worded in such a manner as to make the result of the jury's finding unclear. It found that the jury may have determined that the defendant caused some injury, but that conduct may not have been a substantial factor in bringing about *all* of the plaintiff's harm. The court concluded that plaintiff should have objected to the overly broad wording of the second interrogatory and should have had it reworded in such a manner so as to focus on the injuries actually caused by the defendant. On review this court noted:

> After the jury returned its verdict, [plaintiff] could have objected so the court could determine whether the jury was incredibly finding that [defendant] caused no injury at all, or whether the jury considered [defendant's] contribution to [plaintiff's] aliments insubstantial. If the latter were the case, the court could have then instructed the jury to find [defendant] liable for so much of [plaintiff's] injuries as he actually caused, and avoided any need for a new trial.

*Id.* at 302, 645 A.2d at 871.

In support of its ruling the *Picca* court also remarked on the fact the trial court in the case before it did not focus on the broad term "plaintiff's harm" in its instructions and did not restrict the jury to consider only the harm caused by the accident. *Picca* at 870, 645 A.2d at 870 n. 2. *Picca* was later cited by this court in *Holliday v. Page,* 440 Pa.Super. 490, 656 A.2d 136 (1994). It found that *Picca* held the "failure to object to an ambiguous or flawed jury verdict prior to dismissal of the jury will result in the waiver of that claim on appeal." *Id.* at 494, 656 A.2d at 138.

The difference between *Picca* and the case before us is that in the instant matter it is not claimed that the jury verdict was ambiguous or flawed. The claim here is simply that the verdict was contrary to the evidence admitted at trial. The jury was given interrogatories in this case which included the question of whether the negligence of the Defendant was a substantial factor in bringing about the harm to the plaintiff. However they were also charged that damages should be awarded to compensate the plaintiff for "all the physical and financial injury she has sustained as a result of the accident." N.T. 3–24–94 at 131. The court also advised the jury: "Damages should not be awarded on the basis of sympathy, benevolence or sentimentality, but should be limited to reasonable compensation for the injuries involved." *Id.* at 132. With this background the jury in this case was not presented with an ambiguous interrogatory. It was clear that the jury was to consider whether defendant's negligence was a substantial factor in causing any harm to plaintiff as a result of the accident. Because the jury's negative answer to this question was completely contrary to the evidence provided at trial, it was appropriate for the court to award a new trial in this matter. Waiver is not a bar to such an award because the objection in this case is not to the wording of the interrogatory or to an inconsistent result reached by the jury following the answering of interrogatories. The question is simply whether the jury's verdict was so contrary to the evidence as to "shock our conscience." *See Neison v. Hines, supra,* at 539 Pa. 516, 653 A.2d 634. The jury's disbelief of the injuries which were conceded by defense expert in this case, was unwarranted. For these reasons we vacate the Judgment in this case and remand the matter for a new trial. Jurisdiction relinquished.