1999 PA Super. 10

**Emerson HIXSON and Rita Hixson, Appellees,**

v.

**Jessica BARLOW, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1998.

Filed Jan. 14, 1999.

Robert J. Grimm, Washington, for appellant.

Howard J. Schulberg, Pittsburgh, for appellees.

Before FORD ELLIOTT, JOYCE and TAMILIA, JJ.

JOYCE, J.:

¶ 1 Appellant, Jessica Barlow, appeals from the order of the trial court which granted Appellees' motion for a new trial. For the reasons set forth below, we vacate and re-

mand in part and affirm in part. The relevant facts and procedural history of this case as set forth by the trial court are as follows:

Plaintiff-husband and defendant were involved in a motor vehicle accident on February 7, 1994. At trial, defendant admitted she was negligent in causing the collision. Therefore, the only issue for the jury's determination was the amount, if any, of damages plaintiffs sustained as a result of the accident. On October 23, 1997, the jury returned a verdict for the defense. Specifically, the jury answered in the negative the special interrogatory as to whether defendant's negligence was a substantial factor in causing plaintiffs' harm.

Consequently, plaintiffs filed post-trial motions contending, *inter alia,* that the jury's verdict was contrary to the weight of the evidence. After oral argument, this Court by Order of January 26, 1998, awarded a new trial on the issue of damages only. From that Order, defendant has taken the instant appeal.

Trial Court Opinion, 3/17/98, at 1–2.

¶ 2 Appellant raises the following issues for our review: (1) whether the trial court abused its discretion in awarding Appellees a new trial; and (2) whether Appellees waived their right to object to the jury's verdict having failed to object to the trial court's instructions on legal causation, substantial factor and the special interrogatories.

¶ 3 Appellant contends the trial court erred in awarding a new trial where the jury's verdict was supported by the weight of the evidence. It is well settled that the grant of a new trial is a matter within the discretion of the trial court. *Kiser v. Schulte,* 538 Pa. 219, 225, 648 A.2d 1, 3 (1994). We must review a denial of a motion for a new trial in the same manner as a decision to grant a new trial. *Thompson v. City of Philadelphia,* 507 Pa. 592, 599, 493 A.2d 669, 673 (1985). Because an appellate court, by its nature, stands on a different plane than a trial court, we are not empowered to merely substitute our opinion concerning the weight of the evidence for that of the trial judge. *Id.,* 507 Pa. at 599, 493 A.2d at 672–673. Instead, the focus of appellate review is on whether the trial judge has palpably abused his discretion, as opposed to whether the appellate court can find support in the record for the jury's verdict. *Id.,* 507 Pa. at 599, 493 A.2d at 673.

¶ 4 A new trial should be awarded where the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Id.,* 507 Pa. at 598, 493 A.2d at 672. However, a new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion. *Id.* We shall evaluate the decision of the trial court and appellant's arguments with these considerations in mind.

¶ 5 At trial, the determination of whether Appellant was a substantial factor in bringing about Appellee's injuries was disputed. Appellant admitted her negligence. Furthermore, it was undisputed that Appellant sustained injuries as a result of the accident. The expert testimony of Dr. Wilkins, D.C., Dr. Mitchell, M.D. and Dr. Senter, M.D., on behalf of both Appellant and Appellees, differed only to the extent and severity of Appellant's injuries. Although each expert discussed Appellant's pre-existing condition, they unanimously concluded that the accident did cause separate and distinct injuries unrelated to the prior condition.

¶ 6 The jury, however, found that Appellant was not a substantial factor in causing Appellee's injuries. In reversing, the trial court found this conclusion was contrary to the evidence. We agree.

¶ 7 In *Craft v. Hetherly,* 700 A.2d 520, 523 (Pa.Super.1997), where each of the experts concurred that injuries resulted from the accident, a panel of this Court stated:

Herein, the jury determined that Mr. Oswald was negligent when he turned his vehicle into the on-coming lane of traffic. Further, both parties agree that Mr. Oswald pulled his vehicle into Ms. Craft's lane and stopped when she was only forty to fifty feet away. Also, it is undisputed that appellee was travelling approximately 35 miles per hour when she first saw ap-

718

pellant pull in front of her, and there is no evidence to suggest that she was travelling in excess of the posted speed limit at the time. Finally, both parties' medical experts agreed that appellee was injured as a result of the accident, and they disagreed only to the severity and duration of her injuries.

Within that factual context, we find that the trial court did not abuse its discretion when it found that the jury's conclusion that Mr. Oswald's negligence was not a substantial factor in causing the accident shocked its sense of justice. Given her speed of 35 miles per hour and the distance between the vehicles when Mr. Oswald pulled into the oncoming lane of traffic, appellee had little more than one second to bring her vehicle to a stop or swerve to avoid the impact. Clearly, a preponderance of the evidence indicates Mr. Oswald's negligence was a substantial factor in causing the accident and, consequently, appellee's injuries. We find the lower court did not err in concluding that the verdict was against the weight of the evidence.

*Id.* We thus cannot assign error to the trial court's finding that the jury's verdict was against the weight of the evidence in light of Appellant's admission to negligence and the expert testimony regarding the objective injuries sustained.

¶ 8 Appellant argues that the decision in *Craft* should not apply based on Appellee's pre-existing condition. However, this Court has awarded a new trial where the experts concur that certain particular injuries were the result of the accident. *See Hawley v. Donahoo*, 416 Pa.Super. 469, 611 A.2d 311 (Pa.Super.1992) (finding that despite pre-existing problems, appellant was entitled to compensation for injuries sustained as a result of the accident). Therefore, Appellant's claim lacks merit.

¶ 9 Our inquiry, however, does not end upon finding that a new trial is necessary. We must address the issue of whether the new trial should be limited solely to the issue of damages as determined by the trial court.

A new trial limited to the issue of damages will be granted where: (1) the issue of

damages is not "intertwined" with the issue of liability; and (2) where the issue of liability has been "fairly determined" or is "free from doubt."

*Kiser v. Schulte*, 538 Pa. 219, 232, 648 A.2d 1, 8 (1994). Neither of these requirements has been met in the case at bar.

■ ¶ 10 The crux of Appellant's argument is that even though Appellant was negligent, the injuries sustained were not related to the accident. Consistent with this argument, the jury determined that Appellant was negligent in the special interrogatories. However, the jury found that this negligence was not a substantial factor in bringing about the injuries sustained by Appellee. The issue of liability is clearly intertwined with the issue of damages under such circumstances. *See McKee by McKee v. Evans*, 380 Pa.Super. 120, 551 A.2d 260, 280 (Pa.Super.1988) (finding that where jury found defendant negligent, but also determined that defendant's negligence was not a substantial factor in causing the subject accident, new trial was warranted on both liability and damages). In order for a new jury to determine the extent of the injuries inflicted by Appellant and Appellee's pre-existing condition, the jury will need to hear all the evidence presented on the issue of liability. This is not a situation where it would be fair to limit the scope of the new trial to damages only. *See Kiser, supra* (finding that where substantial factor question was answered in the affirmative, it would be unfair to force the parties to re-litigate the issue of liability). Accordingly, we must vacate the order granting a new trial on damages. Instead, we remand the matter to the trial court for a new trial on both liability and damages.

■ ¶ 11 Appellant next contends that Appellees waived their right to challenge to the jury's verdict because of their failure to object to the trial court's instructions regarding legal causation, substantial factor and special interrogatories. Appellee objected to the verdict based on the weight of the evidence. A panel of this Court has rejected Appellant's argument in light of Appellee's specified objection. Relevantly, this Court found:

[I]n the instant matter it is not claimed that the jury verdict was ambiguous or flawed. The claim here is simply that the verdict was contrary to the evidence admitted at trial. The jury was given interrogatories in this case which included the question of whether the negligence of the Defendant was a substantial factor in bringing about the harm to the plaintiff.... With this background the jury in this case was not presented with an ambiguous interrogatory. It was clear that the jury was to consider whether defendant's negligence was a substantial factor in causing any harm to plaintiff as a result of the accident. Because the jury's negative answer to this question was completely contrary to the evidence provided at trial, it was appropriate for the court to award a new trial in this matter. Waiver is not a bar to such an award because the objection in this case is not to the wording of the interrogatory or to an inconsistent result reached by the jury following the answering of interrogatories. The question is simply whether the jury's verdict was so contrary to the evidence as to "shock our conscience."

*Rozanc v. Urbany*, 444 Pa.Super. 645, 664 A.2d 619, 622 (Pa.Super.1995). Similarly, waiver does not act to bar the objection to the verdict in the case at bar. Finding no basis upon which to disturb the findings of the trial court, we affirm.

¶ 12  Order vacated and remanded in part and affirmed in part. Jurisdiction relinquished.

¶ 13  FORD ELLIOTT, J., files Concurring and Dissenting Statement.

FORD ELLIOTT, J., concurring and dissenting:

¶ 1  I agree with the majority that a new trial is necessary in this case, and therefore join that part of the majority's opinion affirming the trial court's grant of a new trial. I must respectfully disagree, however, as to the need for a new trial on both liability and damages, and would therefore affirm the trial court's grant of a new trial on damages only. My reasons follow.

¶ 2  The majority finds that the jury's verdict was against the weight of the evidence because the jury improperly found that appellant's negligence was not a substantial factor in causing appellee's injuries, despite uncontroverted medical evidence to the contrary. As the majority notes, appellant admitted her negligence. The only dispute at trial concerned whether appellant's negligence was a substantial factor in causing appellee's injuries. Once we have decided, therefore, that the jury's verdict is against the weight of the uncontroverted evidence as to this issue, I do not believe that *any* jury could find appellant's negligence not to be a substantial factor in causing any of appellee's injuries. As a result, I do not believe that issue should be relitigated.