# McCollum v. Smith

*Stewart Bernstein,* for plaintiff.
*Brian J. Kredo,* for defendant.

PAPALINI, *J.,* January 18, 2001—This motor vehicle accident case was tried by a jury with the undersigned presiding in September 2000. The jury returned with a verdict in favor of the defendant. Plaintiff Grace McCollum filed a motion for post verdict relief, asserting that the verdict was against the weight of the evidence. It was also asserted that defense attorney Brian J. Kredo, Esquire, made prejudicial remarks during closing argument.

After a review of the record, the briefs, additional case law and oral argument, the court concludes that the verdict was against the weight of the evidence. Therefore, a new trial is required.

In this case, the jury answered special interrogatories on a jury verdict sheet.

In questions no. 1 and 2, they found that the defendant was negligent but that his negligence was not a substantial factor in causing injury to the plaintiff. Instead of stopping and returning with their verdict as instructed on the jury verdict sheet, the jury continued.

In questions no. 3 and 4, they found that plaintiff was negligent but that her negligence was not a substantial factor in causing harm to herself.

In question no. 5, the jury apportioned causal negligence at 50 percent for each.

In question no. 6, they found that the plaintiff was entitled to $0 in damages.

The evidence presented at trial on liability was that the accident occurred on June 10, 1997. Both plaintiff and defendant were proceeding southbound on 12th Street in Philadelphia, Pa. Each testified that the other caused a sideswipe.

From an examination of the entire jury verdict sheet, it appears that the jury did not find that plaintiff herself was solely responsible for the accident or that her responsibility exceeded 50 percent. It would appear that the jury found that both were equally responsible for the accident. Therefore, the award of zero damages was not based on liability.

We conclude that the finding of zero damages was based on the fact that the jury found that plaintiff had very little credibility when testifying about her injuries. We believe that they found that her testimony was greatly exaggerated.

However, in this case, videotaped depositions were presented from both plaintiff's expert, Jerry Murphy M.D. and defendant's expert, David N. Bosacco M.D.

Dr. Murphy testified on behalf of the plaintiff, that as a result of the trauma of the accident of June 10, 1997, plaintiff suffered from tearing and swelling of the tendons in her left shoulder as well as sprains to her neck and back, this trauma being superimposed on a pre-existing degenerative process. (N.T. dep. 25, 27, 40-41, 56, 60.)

Dr. Bosacco testified on behalf of the *defense,* in part, as follows:

"Q. Based upon the history that you attained [sic] at that time as well as the reports that you reviewed and the examination that you performed, were you able to render diagnoses for Miss McCollum? . . .

"A. Regarding the shoulder sprain, or regarding the shoulder injury of the left shoulder, the diagnosis was a left shoulder sprain with an exacerbation of pre-existing degenerative change in the left shoulder, which means the patient had some degenerative change sometimes known as arthritis or symptoms referable to arthritis before she was injured, and the injury then caused increase in the symptoms related to the degenerative change in the shoulder, and that's called an exacerbation.

"My impression also was that Miss McCollum had sustained a sprain of her neck, which means an injury to the muscles and ligaments of the neck due to stretching. And, also, I felt that she had what would be called an exacerbation of pre-existing cervical disc disease, which would mean that this patient had degenerative disc disease at multiple levels and the motor vehicle accident caused an increase in symptoms due to irritation or exacerbation of those discogenic problems.

"Those were the diagnoses related to the evaluation of June 14, 2000." (N.T. dep. 14-15).

In this case, both sides agreed that plaintiff had suffered injury as a result of the accident of June 10, 1997. The dispute was with regard to the severity and duration of the injuries.

Since there was no dispute that some injury to plaintiff did occur as a result of the incident in question, the jury was not free to disregard the unrebutted evidence and award no damages. See *Kruczkowska v. Winter,* 764 A.2d 627 (Pa. Super. 2000); *Hixson v. Barlow,* 723 A.2d 716 (Pa. Super. 1999); *Craft v. Hetherly,* 700 A.2d 520 (Pa. Super. 1997); *Rozanc v. Urbany,* 444 Pa. Super. 645, 664 A.2d 619 (1995); *Hawley v. Donahoo,* 416 Pa. Super. 469, 611 A.2d 311 (1992).

As to plaintiff's claim that Mr. Kredo made prejudicial remarks during closing argument, we conclude that those remarks amounted to hyperbole, had little impact on the verdict of the jury, and do not warrant the grant of a new trial.[1] For the reasons set forth above, we grant the plaintiff a new trial based on her supported claim that the verdict was against the weight of the evidence.

## ORDER

And now, January 18, 2001, after review of the record, oral argument and the briefs of the parties, it is hereby ordered and decreed that plaintiff Grace McCollum's motion for post-trial relief is granted and the matter is remanded for a new trial.

---

1. Mr. Kredo said: "Interestingly, this accident occurred on June 12, 1993. She was struck on the left side on 12th Street near Race Street on her way back to work. Four years before our accident, coming down 12th Street going to work, same exact thing, same exact side, same exact injuries. Let me give you a little piece of advice. Don't go anywhere near 12th Street around June of the year 2001, because she might be there looking for another suit to lodge." (N.T. 50, 9/14/00.)