## Paden v. Shanks

C.P. of Delaware County, no. 97-4318.

*Thomas Bruno II,* for plaintiffs.
*Hugh J. Gillespie,* for defendant.

BRADLEY, *J.,* June 29, 2001—Plaintiff Kortni Paden appeals from the entry of judgment in favor of defendant Lawrence C. Shanks after a jury trial.

This is an action for personal injuries arising out of a motor vehicle collision which occurred on April 3, 1995 at the intersection of 22nd and Chestnut Streets in the

City of Chester. At that time, the vehicle that Kortni Paden was driving, was struck on the driver's side by defendant's vehicle. After the accident, Mrs. Paden drove to the emergency room at Crozer-Chester Medical Center. Although she had no bruises or bleeding, she complained of neck and back pain and had x-rays taken. The x-rays did not reveal a problem, and she was instructed to follow up with her family doctor if necessary.

Plaintiff never followed up with her family doctor. Instead, she began physical therapy treatments with Dr. William Murphy for complaints of pain in her left shoulder, low back and neck. At Dr. Murphy's recommendation, Mrs. Paden underwent a cervical and lumbar MRI. (Plaintiffs' exhibit P-1, Dr. William Murphy's deposition, 10-26-2000, pp. 26, 30.) The MRI of the lower back revealed herniated discs at L4-5 and L5-S1. *Id.* at 33. Dr. Murphy opined that the herniated discs were caused by the accident. *Id.*

Dr. Murphy referred Mrs. Paden to a neurosurgeon, Dr. Hagop DerKrikorian, for her continuing complaints of pain. *Id.* at 34. Dr. DerKrikorian concluded that the diagnosis of herniated discs at L4-5 and L5-S1 was correct, but there was no significant evidence of lumbar pinched nerve or radiculopathy. *Id.* at 35. Dr. DerKrikorian recommended she continue conservative treatment and not have surgery. *Id.*

Plaintiff treated with Dr. Murphy into 1996. She returned in February 1997, at which time she had a repeat MRI of the lumbar spine. Although that MRI was read as normal, Dr. Murphy testified that he believed the disc herniations were still present. *Id.* at 44-46. He gave Mrs. Paden an exercise program and explained that she would

have to learn to live with her condition. *Id.* at 46-47. Mrs. Paden saw Dr. Murphy twice more, once in 1999 and once in 2000, still complaining of chronic pain in the shoulder, neck and low back area.

Dr. William D. Emper performed the independent medical examination on plaintiff. At his videotape trial deposition, on direct examination, Dr. Emper testified to his opinion:

"[I]t was my impression that Mrs. Paden sustained a cervical sprain/strain, a lumbar sprain/strain, and a contusion of the left shoulder as a result of the motor vehicle accident. That's my opinion to within a reasonable degree of medical certainty based on her history of telling me that she had pain in her low back and assuming that she had soft tissue injury as a result of the accident. There were no objective signs to that effect. There no— were no signs to my examination or no objective signs of disc herniation, and the repeat MRI confirmed that there was no evidence of a disc herniation in the lumbar spine." (Defendant's exhibit, D-1, deposition of William D. Emper, 11-13-2000, pp. 15-16.)

A one-day jury trial was held in this matter on November 15, 2000. Defendant stipulated to negligence. No evidence was submitted regarding damage to plaintiff's vehicle. The jury concluded that defendant's negligence was not a substantial factor in bringing about plaintiff's injuries. Post-trial motions seeking a new trial were filed by the plaintiffs and denied. Judgment was entered in favor of defendant. This appeal followed.

Plaintiffs assert that the verdict cannot stand because it is contrary to law, the evidence and the weight of the credible evidence. Plaintiffs believe all the medical evi-

dence confirms that the motor vehicle accident caused by the admitted negligence of defendant caused Mrs. Paden to sustain injuries; thus, it was legally impermissible for the jury to disregard the experts presented by both parties who concluded that plaintiff suffered injuries as a result of the accident.

Plaintiffs are correct that a long line of Pennsylvania cases holds that a new trial is warranted whenever the jury finds the defendant's negligence was not a substantial factor in bringing about plaintiff's injuries when both plaintiffs' and defendant's experts agree plaintiff suffered an injury as the result of the accident. See *Hixson v. Barlow,* 723 A.2d 716 (Pa. Super. 1999), *approved on these grounds, disapproved on different grounds, Mano v. Madden,* 738 A.2d 493 (Pa. Super. 1999) (en banc); *Craft v. Hetherly,* 700 A.2d 520 (Pa. Super. 1997); and *Rozanc v. Urbany,* 444 Pa. Super. 645, 664 A.2d 619 (1995). This case is markedly different from that line of cases. Here, defense expert, Dr. Emper, did not concede that Mrs. Paden suffered an injury as a result of the accident. He qualified his opinion as being based on plaintiff's history. (Defendant's exhibit D-1, deposition of William D. Emper, 11-13-2000, pp. 15-16). Dr. Emper stated further there were no objective signs of injury and there were no objective signs of disc herniation. *Id.* Dr. Emper's testimony provided a reasonable basis for the jury to conclude that plaintiff's alleged injuries were not caused by the negligence of defendant. Accord *Holland v. Zelnick,* 329 Pa. Super. 469, 478 A.2d 885 (1984); *Gigliotti v. Machuca,* 409 Pa. Super. 50, 58, 597 A.2d 655, 659 (1991). Accordingly, plaintiffs' post-trial motions were denied.

Plaintiffs also contend that the court erred by refusing plaintiffs' counsel's request for a cautionary instruction after closing arguments. Such error, plaintiffs allege, resulted in a verdict contrary to law.

In his closing argument, plaintiffs' counsel made reference to photographs of the vehicle, taken by plaintiff's husband after the accident, which were not admitted into evidence. (N.T. 11/13/2000, p. 4.) Plaintiffs' counsel appeared confused, originally indicating the pictures were admitted into evidence, then realizing they weren't, and finally questioning their significance in any event. In response, defense counsel in his closing statement mentioned that although these photographs existed, neither the photographs nor the husband's testimony regarding the photographs was introduced at trial. (N.T. 11/13/2000, p. 17.) Plaintiffs characterized defense counsel's comment "You didn't hear from the husband," as impermissibly asking the jury to draw an adverse inference from Mr. Paden's failure to testify.

"The decision whether to tell the jury an unfavorable inference may be drawn from the failure of a party to produce some circumstance, witness, or document is also one which lies within the sound discretion of the trial court and which will not be reversed absent manifest abuse. . . . The general rule is that [w]here evidence which would properly be part of a case is within the control of the party in whose interest it would naturally be to produce it, and without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable." *Clark v. Philadelphia College of Osteopathic Medicine,* 693 A.2d 202, 204 (Pa. Super. 1997). (citations omitted)

In the instant case, it was proper to refuse a cautionary instruction. It is axiomatic that plaintiffs have the burden of proof and persuasion in this action. All defense counsel indicated in his closing argument was that plaintiffs failed to introduce photographs of plaintiff's vehicle that were taken by plaintiff's husband. At no time did defense counsel suggest that plaintiff's husband was not called because his testimony would have contradicted his wife's testimony. Moreover, this issue of the photographs not being produced at trial was initially brought to the jury's attention by plaintiffs' counsel's closing argument. (N.T. 11/13/2000, p. 4.) Plaintiffs can scarcely be heard to complain about defense counsel's brief comment and the court's denial of a request for a cautionary instruction when her own counsel raised the issue of the missing photographs and their significance in front of the jury.

Accordingly, it was for all the above reasons that plaintiffs' motions for post-trial relief were denied and judgment was entered in favor of defendant.