**Graver v. Klein**

C.P. of Monroe County, no. 2861 CV 2000.

*Michael J. Eagen,* for plaintiff.
*John R. Hill,* for defendant Klein.
*Paul A. Barrett,* for defendant Pocono Medical Center.
*Amy A. Shwed,* for defendant Pocono Surgical Associates.

CHESLOCK, *J.,* May 12, 2005—This matter is before the court on plaintiffs Herbert H. Graver and Anna

Graver's motion for post-trial relief. For the reasons set forth below, we deny their motion for new trial.

A concise summary of the facts are as follows: On May 12, 1998, plaintiff Herbert H. Graver was admitted to Pocono Medical Center with a preoperative diagnosis of cellulites and intramuscular abscess of the left leg. Defendant Lawrence Klein M.D. performed three surgical procedures on Graver. Due to the failure of the wound to heal and the worsening condition of Graver, he was taken to Lehigh Valley Hospital where surgery was performed and a foreign body, *i.e.,* gauze was found in Graver's leg. Thereafter, a medical malpractice action was commenced by plaintiffs against defendants. Trial commenced on December 8, 2003. On December 11, 2003, the jury returned a verdict in the amount of $25,619.74 in favor of plaintiffs and against defendants. On December 18, 2003, plaintiffs filed a motion for delay damages and a motion for post-trial relief under Pa.R.C.P. 227.1. On December 23, 2003, Klein filed a motion for post-trial relief, however, on February 11, 2004, he withdrew his post-trial motion. A hearing was held on April 19, 2005, at which time defendants advised the court that they did not oppose plaintiffs' motion for delay damages. We will now dispose of plaintiffs' motion for a new trial.

Pursuant to Pa.R.C.P. 227.1, we may, after trial and upon written motion for post-trial relief by any party, order a new trial as to any or all of the issues; . . . or enter any other appropriate order. Pa.R.C.P. 227.1(a)(1), (5). The judge considering the post-trial motions can order a new trial pursuant to Pa.R.C.P. 227.1 if he concludes that a factual or legal mistake was made at the trial level, and

that the particular circumstances of the case, the mistake, or mistakes form a sufficient basis to order a new trial. *Morrison v. Department of Public Welfare,* 538 Pa. 122, 646 A.2d 565 (1994). In essence, the purpose of Rule 227.1 is "to provide the trial court [with] the first opportunity to review and reconsider its earlier rulings and correct its own errors." *Chalkey v. Roush,* 757 A.2d 972, 975 (Pa. Super. 2000), quoting *Soderberg v. Weisel,* 455 Pa. Super. 158, 687 A.2d 839 (1997).

Plaintiffs request a new trial because they argue that the verdict was against the weight of the evidence because the jury did not award any noneconomic damages, including that for pain and suffering. Plaintiffs contend that the jury verdict found all defendants negligent and that their negligence was a factual cause of Graver's injuries; however, the verdict was patently inadequate because it failed to compensate Graver for pain and suffering. In addition, plaintiffs contend that Klein's counsel violated the "golden rule" during his closing summation.

A trial court has broad discretion to grant or deny a new trial. *Zeigler v. Detweiler,* 835 A.2d 764, 767 (Pa. Super. 2003), citing *Harman ex rel. Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116 (2000). A new trial will be granted on the grounds that the verdict is against the weight of the evidence where the verdict is so contrary to the evidence it shocks one's sense of justice. *Pentarek v. Christy,* 854 A.2d 970, 975 (Pa. Super. 2004), citing *Campagna v. Rogan,* 829 A.2d 322, 328 (Pa. Super. 2003).

Defendants have argued that plaintiffs waived the issue of the inadequacy of the verdict because they failed to object and poll the jury before it was discharged. In

support, defendants cite *Kaufman v. Campos,* 827 A.2d 1209 (Pa. Super. 2003), and *Picca v. Kriner,* 435 Pa. Super. 297, 645 A.2d 868 (1994). In *Picca,* the defendant conceded that he was at fault for the accident; however, he argued that most of the injuries plaintiff complained of were pre-existing. The jury found the defendant negligent; however his negligence was not a substantial factor in causing plaintiff's injuries. After filing post-trial motions, the trial court granted a new trial because the jury verdict was so contrary to the evidence as to shock its conscience. On appeal, the Superior Court held that plaintiff waived her right to ask for a new trial by not objecting to the problems with the verdict before the jury was dismissed. The *Kaufman* case involved a plaintiff who slipped and fell in front of a building and sued the owner. The jury found that the plaintiff was 50 percent comparatively negligent and awarded damages in the exact amount of her medical bills. Prior to the verdict, the jury asked a specific question regarding the award of only medical expenses. After responding to the question, the court asked counsel if any additional instruction were desired. Counsel did not require additional instructions and after the verdict was announced, counsel made no objection and the jury was dismissed. The Superior Court determined that the plaintiff should have objected when the jury indicated that it was going to award medical expenses only. The Superior Court reversed the trial court's award of a new trial. On the other hand, plaintiffs deny that they waived the issue of the inadequacy of the verdict for failing to object and poll the jury before it was discharged. Plaintiffs argue that the case of *Criswell v. King,* 575 Pa. 34, 834 A.2d 505 (2003), is controlling. We agree. In *Criswell,* the plaintiffs brought a personal

injury action against defendant stemming from a motor vehicle accident. The jury returned a verdict in favor of defendant and plaintiffs motioned for a new trial. In granting the new trial, the trial court noted that the defendant had "more or less conceded his negligence" and that most of the expert testimony centered on whether plaintiff had recovered from the injuries, rather than the underlying cause of the injuries. Defendant appealed the trial court's decision to grant a new trial and the Superior Court reversed. The Superior Court found that the plaintiffs waived the weight challenge by failing to object after the jury returned its verdict and before it was discharged. The Pennsylvania Supreme Court granted allocatur to determine whether the Superior Court was correct in holding that a party must object to the verdict prior to the discharge of the jury in order to preserve a claim that the verdict was contrary to the weight of the evidence. In discussing the cases cited by the parties and the prior holdings of the Superior Court, the Supreme Court noted that the only reported opinion which the Superior Court has explicitly followed *Picca*, is *Holliday v. Page*, 440 Pa. Super. 490, 656 A.2d 136 (1995). The *Holliday* court interpreted *Picca* to mean that only a "failure to object to an ambiguous or flawed jury verdict prior to the dismissal of the jury will result in the waiver of *that claim* on appeal." *Criswell, supra* 575 Pa. at 44, 834 A.2d at 511, citing *Holliday*, 440 Pa. Super. at 494, 656 A.2d at 138. (emphasis in original) The Supreme Court then determined that the Superior Court had cited to *Picca* without acknowledging refinements in the post-*Picca* decisions involving weight of the evidence claims. The *Criswell* court stated that a claim challenging the weight of the evidence ripens only after the verdict, hence, it is prop-

erly preserved by filing timely post-trial motions. The basis for a weight claim gives the trial court the opportunity, after hearing the evidence presented at trial, to conclude that the verdict was so contrary to what it heard and observed that a new trial is warranted.

In the case sub judice, we believe that the challenge made by plaintiffs is a weight challenge and not an objection to a flawed or ambiguous jury verdict. Accordingly, we do not believe that plaintiffs have waived their challenge by failing to object and poll the jury before it was discharged. We will accordingly proceed to our next query as to whether the jury verdict was so contrary to the evidence that it shocks our sense of justice.

Throughout the trial, the defendants based their defense on the specifics of the disease and the statistics of recovery from the condition of necrotizing fascitis. We believe that the jury may have determined that some of Graver's injuries were caused by the retained gauze in Graver's leg; however, any pain and suffering was from the necrotizing fascitis and not as a result of any negligence on behalf of defendants. As the fact-finders, the jury is at liberty to believe all, part, or none of the evidence presented, to make all credibility determinations, and to resolve any conflicts in the evidence. *Wallace v. Pastore,* 742 A.2d 1090 (Pa. Super. 1999). The "existence of compensable pain is an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain." *Davis v. Mullen,* 565 Pa. 386, 396, 773 A.2d 764, 769 (2001). We will not foreclose the jury from making such a determination, which is within their purview. The jury heard all of the evidence and determined that all defendants were negligent and that their negligence was a factual cause of Graver's

injuries, but that he did not have pain and suffering as a result. Defendants emphasized at trial that, statistically, many individuals die or lose their limbs from necrotizing fascitis. Expert witness, Dr. Verazin, testified that necrotizing fascitis is a very serious illness and even without the retained gauze would have a long-term effect on Graver's leg. (N.T. December 10, 2003, pp. 91-98.) The jury may have determined that, although the gauze remained in Graver's leg after the initial surgeries and treatment, any pain and suffering he suffered was a direct result of necrotizing fascitis and not any negligence on the part of defendants. Consequently, we do not believe that the verdict in the instant case was against the weight of the evidence so as to shock our sense of justice.

Although plaintiffs argue that the award was in the exact amount of the stipulated medical expenses, defendants argue that it was 5¢ over the stipulated amount. A jury is free to believe all, some or none of the evidence, therefore, they are entitled to reject any and all evidence to the point where the verdict is disproportionate to the uncontested evidence so as to defy common sense and logic. *Neison v. Hines,* 539 Pa. 516, 521, 653 A.2d 634, 637 (1995). We do not believe that the verdict in this case is disproportionate so as to defy common sense and logic. Moreover, the jury verdict slip did not delineate between medical bills and pain and suffering as per plaintiffs' request. Plaintiffs cannot now complain that the jury award failed to include an award for pain and suffering. Accordingly, we will not grant plaintiffs a new trial on this issue.

Finally, plaintiffs have requested a new trial because they argue that Klein's counsel violated the "golden rule"

during his closing summation. We note that a trial lawyer is permitted great latitude in his closing arguments, however, not so broad so as to include facts not in evidence which are prejudicial to the opposing party. *Millen v. Miller,* 224 Pa. Super. 569, 308 A.2d 115 (1973). "The 'golden rule' argument involves an appeal to the jury to place itself in the shoes of the parties and ask themselves what each of them would have done under the circumstances of the case." *Id.* at 573, 308 A.2d at 117.

In the case sub judice, plaintiffs objected to the closing remarks of Klein's counsel. The objection was raised after the following remarks:

"One last thing. You heard the percentages with regard to the mortality rate. That is the rate people die with regard to this specific disease. I asked Dr. Pollock if it's 73 percent, and he agreed with me. It seems high, but that's the type of disease it is.

"So if you have 10 people, seven of them are going to die from this type of disease or infection, and the remaining people may lose their legs. You may want to forget and disregard what I just told you. You can do that. That's fine.

"When you go back and make a decision, don't forget this. I think this is what hits the case right on the head. When 12 people go back into a room to make a decision—73 percent of 12 is around eight. When you're making a decision in this case as to the negligence and the harm and the damages incurred by Mr. Graver, think about if eight of you, of all 12 of you had that type of necrotizing fascitis. Eight of you would die. Four of you would be fortunate to live, but the remaining four, probably two of you would have lost your leg.

"As I said in this case, the medical care provided to Mr. Graver was appropriate and proper. He said he's a lucky man. I think he is. The doctor, nurses, physical therapists, they weren't 100 percent correct on this thing. They didn't nail 100 percent, but don't think they're negligent. Thank you very much for your time." (N.T. December 11, 2003, pp. 168-69.) Plaintiffs object to the reference indicating that eight of 12 would die from the disease. Plaintiffs argue that this reference was meant to not only ask the jury to put themselves in Graver's shoes but to also imagine how they would feel in his shoes, to be fortunate enough to live and not lose his leg.

Pennsylvania courts have held that the conduct of trial counsel should be directed toward a presentation of the issues. *Id.* (citations omitted) In the instant case, defense counsel emphasized the devastating effects of necrotizing fascitis. In his closing argument, Attorney Hill used statistical references to the mortality rate to demonstrate the severity of the disease. At no time did Klein's counsel ask the jury to step into Graver's shoes and ask themselves what they would have done under the circumstances. The comments were made as a result of the testimony of Dr. Verazin, whose testimony was part of the evidence presented by Klein. Therefore, counsel was arguing evidence which was placed into the record. Although he referred to 12 people, Attorney Hill was emphasizing the impact the disease would have on 12 people, and not for the jury to place themselves in Graver's shoes. Accordingly, we do not believe that Attorney Hill violated the "golden rule" and we will not grant plaintiffs' request for a new trial.

Based on the foregoing, we enter the following order:

## ORDER

And now, May 12, 2005, upon consideration of plaintiffs Herbert H. Graver and Anna Graver's motion for post-trial relief, defendants Lawrence Klein M.D., Pocono Surgical Associates P.C. a/k/a Pocono Surgical Associates and Pocono Medical Center's response thereto and oral argument held thereon, it is hereby ordered that plaintiffs Herbert H. Graver and Anna Graver's motion for post-trial relief is denied.