J-A29027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THERESA MAROTTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER HIBNER | : | No. 202 WDA 2022 |

Appeal from the Judgment Entered February 7, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-17-014454

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 23, 2023**

Appellant, Theresa Marotto, appeals from the judgment entered on February 7, 2022 after a jury returned a verdict in favor of Appellee, Heather Hibner (Hibner).  We affirm.

The trial court briefly set forth the facts of this case as follows:

> On October 28, 2015, [Appellant] was operating her motor vehicle on Route 51 near Elizabeth, [Pennsylvania].  At the same time, [Hibner] was driving behind [Appellant] at a slow rate of speed when [Hibner] rear-ended Appellant's vehicle.  Neither vehicle sustained significant damage.  [Appellant] denied any injury at the scene and required no medical assistance.  [Ten months after the accident, and after Appellant visited a chiropractor, Appellant] sought [emergency medical] treatment [] due to pain in her left shoulder and neck.  Appellant was diagnosed with cervical radiculopathy.[1]

---

[1] Cervical radiculopathy is a pinched or irritated nerve in the neck causing pain, numbness, or weakness radiating into the chest or arm.  It is commonly referred to as a "pinched nerve."  ***See Woodard v. Chaterjee***, 827 A.2d 433, 439 (Pa. Super. 2003).

> Appellant filed [a] complaint for damages as a result of alleged injuries caused by the accident including cervical strain and sprain, and strain and sprain in the lumbar area.

Trial Court Opinion, 4/25/2022, at 1-2.

A three-day jury trial commenced on November 15, 2021. The jury ultimately returned a verdict in favor of Hibner, finding that her alleged negligence was not the factual cause of harm to Appellant. Appellant filed a timely post-trial motion requesting a new trial. By order entered on January 25, 2022, the trial court denied relief. This timely appeal resulted.[2]

> On appeal, Appellant presents the following issues for our review:
>
> A. Whether Pennsylvania [] law supports a zero verdict where the defense concede some level of harm caused by the accident?
>
> B. Whether the trial court erred and/or abused its discretion when[,] despite the uncontroverted medical evidence that Appellant[] sustained/suffered some injury, the trial court allowed a question of factual cause to remain on the jury verdict slip?
>
> C. Whether the trial court erred in not granting Appellant['s] motion for post-trial relief seeking a new trial where the jury's verdict was against the weight of the evidence?

Appellant's Brief at 4 (superfluous capitalization omitted).

Appellant's first two issues are inter-related and, therefore, we will examine them together. Appellant contends that "[s]ince both [] Appellant's

---

[2] On February 7, 2022, Appellant filed a *praecipe* for the entry of judgment. Appellant filed a notice of appeal on February 8, 2022. Appellant complied timely with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 25, 2022.

and [Hibner's] medical experts agreed that [] Appellant suffered an injury, and that the motor vehicle incident was the factual cause of such injury, the question of [f]actual [c]ause should not have been allowed to be presented to the jury." *Id.* at 7. Instead, Appellant maintains that the only issue before the jury "should have been the amount of damages[.]" *Id.* Furthermore, Appellant contends that the jury's ultimate verdict finding Appellant was entitled to zero damages was contrary to this Court's precedent "repeatedly affirm[ing] the grants of new trials after juries awarded no damages for noneconomic loss even though defense medical experts acknowledged that the plaintiffs had suffered soft tissue sprains or strains." *Id.* (case citations omitted).

To support an interpretation of the factual record which asserts that the medical evidence introduced at trial was "uncontroverted" and entirely in alignment as to whether the alleged injuries resulted from the October 2015 accident, Appellant points to various excerpts of expert testimony as presented at trial. More specifically, Appellant claims that medical expert, Dr. Jon Levy[3] (Dr. Levy), who conducted an independent medical examination (IME) of Appellant, testified that Appellant suffered some level of injury from the accident, experienced pain which will last her lifetime, and has received, and will continue to require, ongoing chiropractic treatment and epidural

---

[3] We note that the trial court refers to the doctor as "Dr. Leavey." *See* Trial Court Opinion, 4/25/2022, at 2. Both parties state, and a review of the trial transcript reveal, that the doctor spells his name "Levy." Accordingly, we will use that spelling throughout this memorandum.

- 3 -

injections. *Id.* at 11-16 (record citations omitted). Appellant avers that Dr. Levy testified that her injuries were either caused by or aggravated by the motor vehicle accident caused by Hibner. *Id.* at 15. Moreover, Appellant claims that Dr. Levy also testified that he did not believe that Appellant was "not being honest and truthful in the information that she conveyed to" him. *Id.* at 12. As such, Appellant assails the trial court's determination that Dr. Levy's opinions were based solely on Appellant's subjective complaints. *Id.* at 15 ("Dr. Levy quite clearly, as would make sense, testified that his opinions were not solely based on [Appellant's] subjective complaints, but also reviewing the medical records, diagnostic testing, Dr. Levy's years of experience, numerous patients seen, and being an expert in the case."). Accordingly, Appellant argues that the trial court erred or abused its discretion in failing to apply Pennsylvania case law that precluded a zero-dollar recovery and in failing to take the issue of factual causation away from the jury. *Id.* at 17. For both of these reasons, Appellant contends that she is entitled to a new trial.

We adhere to the following standard of review:

It is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial.

Thus, when analyzing a decision by a trial court to grant or deny a new trial, the proper standard of review, ultimately, is whether the trial court abused its discretion.

Moreover, our review must be tailored to a well-settled, two-part analysis:

- 4 -

We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Czimmer v. Janssen Pharms., Inc.*, 122 A.3d 1043, 1051 (Pa. Super. 2015) (brackets, ellipses, and citation omitted).

Likewise, "[i]n examining jury instructions, our standard of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case." *Polett v. Pub. Commc'ns, Inc.*, 126 A.3d 895, 930 (Pa. 2015) (citation omitted). "We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party." *Id.* (brackets and citation omitted).

In this case, the trial court opined:

[…M]edical records and [] testimony [] indicate that, predating the [October 2015 accident], Appellant complained of neck pain and back pain and consulted a chiropractor for it. Appellant's post-accident complaints were noted to be subjective. During her IME with Dr. [Levy], he noted that [Appellant] denied any history of neck or shoulder issues despite records indicating otherwise.

[In his deposition presented at trial, Dr. Levy] stated that [Appellant] advised him that prior to the accident she had no neck or shoulder issues and saw [a] chiropractor for vertigo. However, the records show that[,] on December 8, 2014[,] when presenting to her chiropractor, [Appellant's] chief complaint was for pain in the neck and lower back. [To restate, Appellant's] complaints of pain when attending the IME were noted to be subjective.

> During testimony, Dr. [Levy] emphasized that in opining that Appellant sustained an injury as a result of the crash, he relied only upon her subjective complaints. There were no records before him which were not based upon subjective matters. There was no objective evidence of injury on exam or from a radiological standpoint. Thus, the jury was properly instructed to take into consideration whether the expert testimony was based upon believable factors and objective facts. To suggest that the finders of fact[] be denied that duty, and directed to award damages based upon [Appellant's] subjective assertions that she never suffered back and neck issues prior to the accident would have been error.

Trial Court Opinion, 4/25/2022, at 4-5.

Upon review of the trial court's decision, applicable law, and the certified record in this matter, we discern no trial court error of law or abuse of discretion. Here, the trial court found the experts' agreement regarding the factual cause of injury was not binding because there was record evidence that Appellant complained of neck and back pain and consulted and treated for those symptoms with a chiropractor before the accident. While Appellant later claimed that the pre-accident medical treatment was for vertigo, medical records introduced at trial confirmed that she sought treatment for neck and back pain prior to the October 2015 motor vehicle accident. Moreover, Dr. Levy stated that his expert opinion was based, in part, upon Appellant's medical history as relayed to him by Appellant and that she failed to disclose pre-accident issues with her neck and back. Dr. Levy specifically stated that his opinion was based upon Appellant's subjective complaints, but he made no further comment on her credibility. In view of the treatment records confirming pre-accident conditions present in Appellant's neck and back, and

Appellant's contrary position at trial advocating that her neck and back pain derived exclusively from the October 2015 accident, Appellant's credibility was squarely at issue and, therefore, we reject Appellant's suggestion that the trial court erred or abused its discretion in failing to withhold the question of factual cause from the jury. There was simply no objective evidence that the car accident was the factual cause of Appellant's alleged injuries. Moreover, based upon our review of the jury charge pertaining to factual cause, and bearing in mind the true evidentiary background as set forth above, the trial court properly charged the jury.[4] Thereafter, the jury was free to make credibility determinations and accept all, some or none of the evidence presented. *See Commonwealth v. Davido*, 868 A.2d 431, 442 n.18 (Pa. 2005) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses.").

Finally, with a corrected view of the trial record in mind, we now turn to Appellant's third claim in which she submits that the jury's ultimate

---

[4] Because we conclude that the factual cause of Appellant's alleged injuries was controverted, we reject Appellant's reliance on this Court's prior decisions granting new trials when juries award zero damages despite undisputed evidence of suffered injuries resulting from car accidents. *See* Appellant's Brief at 11, *citing Mano v. Madden*, 738 A.2d 493 (Pa. Super. 1999) (finding a new trial warranted on the issue of damages in personal injury action where the evidence was uncontradicted that plaintiff suffered some injuries as result of a vehicular accident despite dispute about the extent and duration of the injury); *Rozanc v. Urbany*, 664 A.2d 619 (Pa. Super. 1995) (finding a new trial warranted in automobile accident case where jury found that defendant had been negligent, but that negligence was not substantial factor in bringing about harm to plaintiff where the evidence was uncontradicted that plaintiff suffered some injuries as result of accident).

determination that Appellant "had no injuries, pain/suffering, or related treatment despite all the medical experts saying the opposite," was against the weight of the evidence. *Id.* at 19.

Previously, we have stated,

[a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence.

It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. James*, 268 A.3d 461, 468 (Pa. Super. 2021). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." *Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014) (citation omitted). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge." *Id.*

In rejecting Appellant's claim that the verdict was against the weight of the evidence presented at trial, the trial court determined:

During the trial[,] the jury heard testimony [from] both fact witnesses, like [] Appellant herself, and expert witnesses, who

were not present at the accident, but assumed certain facts in reaching their opinion, *i.e.*, whether the accident caused Appellant's back and neck issues. Dr. [Levy] was unable to base his opinion regarding the factual cause of Appellant's complaints on anything other than [Appellant's] version of her history with back and neck conditions. The jury was free to reject Appellant's version, whether it came directly from her own testimony or from Dr. [Levy's] recollection of her history given during the course of the [IME].

Trial Court Opinion, 4/25/2022, at 6.

The trial court did not believe that the verdict was so contrary to the evidence that it shocked one's sense of justice. Upon our review, the facts and inferences of record disclose that the trial court did not palpably abuse its discretion in ruling on Appellant's weight of the evidence claim. For all of the foregoing reasons, Appellant is not entitled to a new trial, and we affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2023